IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

NIKOLAY ZAREMSKIY )
and MARIYA ZAREMSKA, )
)
Plaintiffs, ) TC-MD 160358G
)
v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant. ) **FINAL DECISION**[1]

Plaintiffs appealed Defendant's Notice of Assessment, dated August 26, 2016, for the

2013 tax year.  A trial was held on March 8, 2017, in the courtroom of the Oregon Tax Court.

Nikolay Zaremskiy appeared on behalf of Plaintiffs.  Nikolay Zaremskiy (Zaremskiy) and

Mariya Zaremska (Zaremska) both testified.  Eden Espinosa of Defendant's Audit Unit appeared

and testified on behalf of Defendant.  Plaintiffs' Exhibits 1 to 5 and Defendant's Exhibits A to L

were admitted without objection.

## I.  STATEMENT OF FACTS

During the year at issue, Zaremskiy worked at jobs in multiple states.  The parties agreed

that Plaintiffs be allowed a deduction of $4,888 for Zaremskiy's business mileage, and a

deduction of $3,208 for his union dues.  The parties also stipulated that he traveled for 65 days.

At audit, Defendant allowed Plaintiffs a meal deduction equal to the federal *per diem* allowance

for those travel days, which amounted to $3,087.  In preparation for trial, Defendant stated that it

had allowed the full *per diem* allowance in error, and requested that the meals expense be

_____

[1] This Final Decision incorporates without change the court's Decision, entered April 4, 2017.  The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered.  *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

reduced to $1,544. Plaintiffs did not contest any other adjustments to Zaremskiy's claimed business expenses.

During the year at issue, Zaremska worked as a homecare worker for Oregon's Senior and Disabled Services. She traveled to her clients' homes and helped them with their daily needs. She responded to her clients' requests for aid, which included requests to purchase groceries and other personal items, and to drive them to appointments.

Plaintiffs claimed a $1,745 mileage deduction for Zaremska's work. (Def's Ex C at 6.) Zaremska's employer had a mileage reimbursement policy that stated:

> "Homecare Workers shall be reimbursed for eligible personal vehicle miles authorized for service-plan-related non-medical transportation at a rate of forty-eight and one-half cents ($.485) per mile for the term of this Agreement."

(Def's Ex J at 3.) Zaremska testified that she did not know about that reimbursement policy until this appeal was pending. She testified that, after she learned of the policy, she orally requested reimbursement for her 2013 mileage expenses but was refused by her employer.

Plaintiffs had claimed a $9,450 business expense deduction stemming from Zaremska's purchases for her clients. At trial, Plaintiffs agreed that these were not business expenses, but asserted they were charitable contributions.

It is undisputed that Zaremska belonged to a union and paid dues. Plaintiffs did not have any documentation of her union dues, but Zaremska estimated they were approximately $25 per month.

## II. ANALYSIS

The following issues are before the court:

(1)    Whether the deduction for Zaremskiy's meals based on a *per diem* allowance should be reduced by half;

/ / /

(2)    Whether Plaintiffs should be allowed a lodging deduction for Zaremskiy's travel based on a *per diem* allowance;

(3)    Whether Plaintiffs should be allowed a mileage deduction for Zaremska's travel;

(4)    Whether Plaintiffs should be allowed a charitable contribution deduction for Zaremska's purchases for clients; and

(5)    Whether Plaintiffs should be allowed a deduction for Zaremska's estimated union dues.

Oregon imposes its income tax on the taxable income of Oregon residents. ORS 316.037.[2] Except where modified by state law, Oregon taxable income is the same as federal taxable income. ORS 316.048. Insofar as practicable, Oregon follows the administrative and judicial interpretations of the federal income tax law. ORS 316.032(2).

Taxpayers generally are allowed to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" IRC § 162(a). Personal, living, or family expenses generally are not deductible. *See id.*; IRC § 262(a).

A.    Per Diem *Allowances for Meals and Lodging*

This court has jurisdiction to determine the correct amount of a deficiency, even if that deficiency is greater than the amount assessed by the department, provided the department asserts the claim for the additional tax before or at the hearing of the case. ORS 305.575. In such cases, the taxpayer must be allowed at least 10 days "to amend or otherwise plead thereto[.]" *Id*.

Here, Defendant asserted its claim to reduce the allowed meals deduction in its recommendations, filed January 3, 2017. Plaintiff had more than 10 days to amend its complaint or otherwise plead to Defendant's additional claim. The court therefore has jurisdiction to consider Defendant's claim for additional tax.

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

In general, deductions are not allowed for traveling expenses—including meals and lodging while away from home—"unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement" the amount of the expense, its time and place, its business purpose, and the taxpayer's business relationship with any beneficiaries of the expense. IRC §§ 274(d).

The Internal Revenue Service has provided an alternative method of substantiating travel expenses in Revenue Procedure 2011–47. Under that revenue procedure, the amounts of certain travel expenses may be deemed substantiated if they are equal to or less than the federal *per diem* rate. Rev Proc 2011–47, 2011–42 IRB 520. Different rules apply to employers and employees. Employers may use a *per diem* rate to substantiate expenses reimbursed to employees for both meals and lodging. *See id.*, §§ 1, 4.01–02. Employees and the self-employed, on the other hand, may only use a *per diem* rate to substantiate expenses for meals. *See id.*, §§ 1, 4.03. Such meal expenses are explicitly subject to the limitation provided in IRC section 274(n). *See id.*, §§ 4.03, 6.05. IRC section 274(n)(1) states: "The amount allowable as a deduction under this chapter for * * * any expense for food or beverages * * * shall not exceed 50 percent of the amount of such expense or item which would (but for this paragraph) be allowable as a deduction under this chapter."

Here, the parties agree that the full amount of Plaintiffs' substantiated meal expenses using the *per diem* rate was $3,087. Under IRC § 274(n)(1), the deductible amount may not exceed 50 percent of that amount. In this case, one half of the substantiated amount is a fraction that may be rounded up. *See* IRC § 6102; Treas. Reg. § 301.6102–1. Defendant's request to reduce the allowed deduction for meals to $1,544 is correct under the law, and the court grants it.

///

With respect to lodging expenses, Plaintiffs asked the court to consider the effect of "GSA 301–11.25." The court's research suggests that Plaintiffs are referring to a section of the Federal Travel Regulation, 41 CFR 301–11.25, captioned "Must I provide receipts to substantiate my claimed travel expenses?" It appears that Plaintiffs have uncovered a regulation pertaining to the reimbursement of federal employees for their travel expenses. It is not a tax regulation and is not applicable here.

There is no authority allowing employees to substantiate lodging expenses using a *per diem* rate, and Plaintiffs may therefore only claim a deduction for lodging expenses to the extent those expenses are substantiated under IRC section 274(d). Here, Plaintiffs did not provide any documentation and no lodging expense deduction is allowed.

B.      *Mileage Deduction for Zaremska's Travel*

Mileage deductions, like all deductions under IRC section 162(a), must be "ordinary and necessary." To the extent that employees might have obtained reimbursement from their employers, the expenses they incur are not ordinary and necessary, and therefore not deductible. *Podems v. Comm'r*, 24 TC 21, 22–23 (1955). It makes no difference if the employee was unaware of the employer's reimbursement policy at the time. *Orvis v. Comm'r*, 788 F2d 1406, 1408 (9th Cir 1986).

Here, Zaremska's employer had a reimbursement policy of which she was unaware before this litigation. She did request reimbursement for her mileage, but not until more than three years after incurring the expenses. There is no evidence in the record regarding the time within which Zaremska's employer required her to request reimbursement. It is Plaintiffs' responsibility to put forward the evidence to show their entitlement to relief from the court. *See* ORS 305.427; *Spielbauer v. Comm'r*, 75 TCM (CCH) 1865 (1998) ("The employee has the

burden of establishing that the employer would not reimburse the expense had the employee requested reimbursement."). The court does not have enough evidence to conclude that Zaremska made a timely request for reimbursement that was refused. Therefore, no deduction is allowed for Zaremska's mileage.

C. *Charitable Contribution Deduction*

The deduction for charitable contributions is authorized by IRC section 170(a)(1):

> "There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary."

Under IRC section 170(c), "the term 'charitable contribution' means a contribution or gift to or for the use of" specified types of charitable organization. Gifts made to private individuals— even gifts to individuals under the care of a charitable organization—do not qualify for a charitable contribution deduction. *Thomason v. Comm'r*, 2 TC 441 (1943). "Whenever the beneficiary is designated by name * * * the bequest is private and not public and ceases to have the peculiar merit of charity." *Id*. at 444.

Here, Zaremska's purchases for her clients are not deductible as charitable contributions because they were gifts to specific persons rather than to charitable organizations.

D. *Estimated Union Dues*

It is a taxpayer's responsibility to keep records sufficient to substantiate all deductions claimed on a return. *See* IRC § 6001. Where a taxpayer demonstrates that he or she has incurred a deductible expense not subject to IRC section 274(d) but does not produce records to substantiate the amount of that expense, the *Cohan* rule applies: the court "should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making." *Cohan v. Comm'r of Internal Rev.*, 39 F2d 540, 544 (2d Cir 1930). The

*Cohan* court observed that "to allow nothing at all appears to us inconsistent with saying that something was spent." *Id*. When applying the *Cohan* rule, "there must be sufficient evidence to satisfy the trier that at least the amount allowed in the estimate was in fact spent or incurred for the stated purpose." *Williams v. United States*, 245 F2d 559, 560 (5th Cir 1957).

Union dues are generally deductible as unreimbursed employee expenses under IRC section 162(a). Credible testimony is a sufficient basis to estimate union dues. *Wilson v. Comm'r.*, 82 TCM (CCH) 899 (2001) (allowing deduction for union dues of $15 per month where taxpayer credibly testified to paying $30 per month).

Here, it is undisputed that Zaremska was a member of a union and paid union dues during the year at issue. It would therefore be inconsistent not to allow any deduction for those expenses if there is any basis on which to estimate them. *See Cohan*, 39 F2d at 544. Zaremska's testimony that she paid $25 per month in union dues was credible and provides a basis for the court to estimate her deduction. The court bears in mind that memory unaided by documentation is often unreliable, and that the uncertainty surrounding the amount of Zaremska's union dues was of Plaintiffs' own making. It seems prudent to follow the example of the U.S. Tax Court in this matter and allow Plaintiffs a deduction equal to one half the amount to which Zaremska testified she paid; that is, $12.50 per month. The court allows a deduction of $150 for Zaremska's union dues over the course of the tax year.

### III. CONCLUSION

Defendant stipulated to a mileage deduction of $4,888 and a deduction of $3,208 for Zaremskiy's union dues. Having examined the evidence and the relevant law, the court concludes that no additional deductions may be allowed for lodging, mileage, or charitable contributions. The court further concludes that Plaintiffs' deduction for meals must be reduced

to $1,544, and that an additional deduction of $150 should be allowed for Zaremska's union dues. Now, therefore,

IT IS THE DECISION OF THIS COURT that, for the 2013 tax year, Plaintiffs are allowed unreimbursed employee expense deductions totaling $9,790.

Dated this ___ day of April 2017.

POUL F. LUNDGREN
MAGISTRATE

***If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.***

***This document was filed and entered on April 25, 2017.***